White, J.
The order of the court of common pleas removing the cause from that court, was a final order which the district court was authorized to review on error. Code, secs. 512, 513, S. & C. Stat. 1099. The order determined the action in that court and prevented a judgment, and, if erroneous, affected the plaintiff’s substantial rights.
Nor was the right of the plaintiff to have the order reviewed on petition in error, impaired by the action of the defendant below in filing the transcript of the proceedings in the circuit court, nor by the fact that the motion of the plaintiff to dismiss the cause for want of jurisdiction in that court had been overruled.
The question before the district court, on the petition in error, was precisely the same as that raised by the petition of the defendant below, for decision in the court of common pleas, viz.: whether the removal of the cause from the State court to the circuit court was authorized by law. The juris *181 diction of the district court was not dependent upon the way the question had been decided in the court below. The authority of the district court was to revise the action of the subordinate court, and, as such action was found to be in accordance with or against law, to affirm or reverse it.
The main question in the case is, whether the removal of the cause from the court of common pleas to the circuit coui’t was authorized under the act of Congress of March 2, 1867.
The act provides that, in the cases specified, the party entitled to the removal may file his petition therefor in the State court, “ at any time before the final hearing or trial of the suit,” and, on his compliance with the terms prescribed, it is made the duty of the State court to accept the security offered and to proceed no further in the suit. 14 U. S. Stat. at Large, 559.
This act is an amendment of the act of July 27,1866, in which the language used is, that the petition may be filed “ at any time before the trial or final hearing of the cause.” Id. 307.
"We have no doubt the terms “ trial ” and “final hearing ” ought to have the same meaning in both acts, and that their transposition in the amendatory act was merely accidental.
The ground of the reversal of the order of the court of common pleas was, that the petition of the defendant below for the removal of the cause was not filed until after “ the final hearing or trial,” and that the case, therefore, did not come within the act of Congress. The correctness of the decision turns on the meaning of these terms as used in the act.
The terms, it seems to us, were intended to embrace actions at law and suits in equity — the word “ trial ” having reference to an action at law, and the words “ final hearing ” to a suit in equity; and that by “ the final hearing or trial of the suit,” is meant a hearing or trial upon the merits, such as results in a final judgment in an action at law, and a final decree in a suit in equity.
The act of Congress was, doubtless, intended to have the *182 same operation in all the States, irrespective of the difference that may exist in the modes provided in the several States for examining, in the appellate court, questions decided in the court below.
In this State, after final decree, equity cases are appealable to the district court, on the appellant giving notice and entering into an undertaking as required by the statute. In cases in which either party has the right to a trial by jury, there can be no appeal, but either party, after final judgment, by giving notice of his demand, and entering into an undertaking as required by the- statute, is entitled to a second trial. If no undertaking is given, the demand for a second trial and the notice of appeal go for nothing; and the judgment or decree is conclusive upon the rights of the parties. Such, also, is the effect of the judgment or decree from the time of its rendition to the giving of the undertaking. And notwithstanding the appeal or the right to a second trial may be perfected, the lien of the judgment or decree is continued until the determination of the cause on appeal or second trial.
It is competent for the legislature to take away the right of appeal and of a second trial. If this were done there would be no ground for the removal of the cause under the act of Congress.
The true construction of the act does not, we think, thus make its operation depend upon whether the legislation of the State allows or does not allow the exercise of appellate jurisdiction after a common-law trial, or the final hearing of a suit in equity in the court of original jurisdiction.
To bring this case within the act of Congress would be to allow the non-resident party to experiment with the jurisdiction of the State courts. If the trial should result in his favor, it would bind his adversary, but if it should result adversely to him, he could escape the effect of the litigation by removing the cause to another jurisdiction. To lead us to such a conclusion “ the intention ought to be expressed with irresistible clearness.”
The conclusion at which we have arrived in this case, is in accordance with the decision of the supreme court of Wis *183 consin in Ackerly v. Vilas, 21 Wis. R. 165. The judgment of the court in that ease was pronounced by Paine, J., in an able opinion, to which we refer for a more elaborate discussion of the questions.
We are unanimous in the opinion that there was no erroi in the judgment reversing the order of the court of common pleas. The motion for leave to file a petition in error is, therefore, overruled.
Brinkerhoee, C.J., and Scott, Welch, and Day, JJ., concurred.